PAUL, HASTINGS, JANOFSKY & WALKER LLP
ELENA R. BACA (SB # 160564)
elenabaca@paulhastings.com
SANDRA N. BENJAMIN (SB# 260633)
sandrabenjamin@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
CHARTIS CLAIMS, INC.

FILED

10 AUG 27 PM 12: 42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE KAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARTIS CLAIMS, INC. formerly doing business as AIG DOMESTIC CLAIMS, INC., and DOES 1 to 25, inclusive,<br><br>　　　　Defendants. | CASE NO. SACV10-1308-CJC(CWx)<br><br>**NOTICE OF REMOVAL**<br><br>From the Superior Court of the State of California for the County of Orange, Case No. 30-2010 00381618 |

LEGAL_US_E # 88706601.4

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendant Chartis Claims, Inc. ("Chartis") removes this action for all further proceedings to the United States District Court for the Central District of California from the Superior Court of the State of California for the County of Orange. As grounds for removal, it states as follows:

1. Plaintiff filed an action in the Superior Court of the State of California for the County of Orange styled JOYCE KAYLOR v. CHARTIS CLAIMS, INC. formerly doing business as AIG DOMESTIC CLAIMS, INC., and DOES 1 to 25, inclusive, Case No. 30-2010 00381618 (hereafter "state court action").

2. Chartis was served with process in the state court action on June 22, 2010; a copy of the summons and complaint in the state court action as served are attached hereto and as Exhibit A to the Declaration of Sandra N. Benjamin ("Benjamin Decl"). On July 22, 2010, Chartis filed its answer to Plaintiffs' complaint in the state court action; a copy of that answer is attached as Exhibit B to the Benjamin Decl. No other process, pleadings, orders, or other documents have been received or filed.

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and it is, thus, properly removed under 28 U.S.C. § 1441. Here, federal court jurisdiction is proper under 28 U.S.C. § 1332(a) because there is complete diversity.

LEGAL_US_E # 88706601.4        1

4.   **There is complete diversity of citizenship among all parties.** Kaylor is, and was at all relevant times, a resident and citizen of California who worked as a claims adjuster for Chartis in Santa Ana, California. (Complaint, ¶1). Chartis is a corporation that is incorporated in Delaware with its principal place of business in New York. (Declaration of Kimberly Tennent, ¶3). As a matter of law, Doe defendants do not count for purposes of diversity. 28 U.S.C. § 1441(a).

5.   **The amount in controversy exceeds $75,000**, exclusive of interest and costs.

  a.   Kaylor seeks damages and penalties for: unpaid overtime; missed meal and rest periods under Labor Code § 226.7; wage statement violation payments under Labor Code § 226; attorneys' fees; and "such other and further relief as the Court may deem just and proper" (*e.g.*, punitive damages). Because Kaylor is a current employee, all of the following *exposures are continuing*.

  b.   On July 30, 2010, after Chartis answered the complaint, Kaylor sent Chartis a written account of her claims for damages and penalties. (Benjamin Decl., ¶4, Ex. E). Based on her own submission, Kaylor confirms each of the following:

    (i)   Kaylor claims that each week she worked 2.5 hours of unpaid overtime (*i.e.*, over 40 in a week) and calculates her damages at $24,071.36.

(ii) Kaylor claims unpaid "gap time" – the difference between her salaried work week of 37.5 hours and the 40 hours she claims she actually worked – and calculates her damages at **$16,047.40**.

(iii) Kaylor claims missed lunch/meal breaks and calculates her damages at **$32,094.80**.

(iv) Kaylor claims missed rest breaks and calculates her damages at **$32,094.80**.

(v) Finally, Kaylor calculates another **$20,000.00** for attorneys' fees (which are also properly included for amount in controversy). *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (affirming district court's consideration of projected attorneys' fees to calculate amount in controversy).

c. Relying solely on Kaylor's own assessment of her current damages, at least **$124,308.36** is in controversy which, *a fortiori*, exceeds the jurisdictional amount. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.") *Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007) (same).

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Chartis removed this case within 30 days after being served with Kaylor's

1  itemization of damages, and less than one year after the date on which the state
2  court action was filed.

3  

4  7. Written notice of the filing of this Notice of Removal has been
5  mailed contemporaneously to Kaylor through her counsel of record. In addition, a
6  copy of this Notice of Removal is being contemporaneously filed with the Clerk of
7  the Court for the Superior Court of California, County of Orange, pursuant to 28
8  U.S.C. § 1446(d).

DATED: August 27, 2010   ELENA R. BACA
                        SANDRA N. BENJAMIN
                        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
    SANDRA N. BENJAMIN

Attorneys for Defendant
CHARTIS CLAIMS, INC.

LEGAL_US_E # 88706601.4                 4

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHARTIS CLAIMS, INC. formerly doing business as AIG DOMESTIC CLAIMS, INC.; and DOES 1 to 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOYCE KAYLOR;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 17 2010

ALAN CARLSON, Clerk of the Court

BY: S HERRERA-WILSON, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Orange County Superior Court
700 Civic Center Drive West, Santa Ana, CA 92701

CASE NUMBER: 30-2010
*(Número del Caso):*

00381613
JUDGE GREGORY H. LEWIS
DEPT. C26

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael B. Adreani, Esq. (SB#194991), Roxborough, Pomerance, Nye & Adreani, LLP
5820 Canoga Avenue, Suite 250, Woodland Hills, CA 91367 (818) 992-9999

DATE: JUN 17 2010      ALAN CARLSON, Clerk, by      SONYA HERRERA-WILSON, Deputy
*(Fecha)*                    *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: CHARTIS Claims, INC. formerly doing business as AIG Domestic Claims, INC.
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

5

Michael B. Adreani, Esq., State Bar No. 194991
Mariha N. Vitek, Esq. State Bar No. 183397
ROXBOROUGH, POMERANCE, NYE & ADREANI LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone: (818) 992-9999
Facsimile: (818) 992-9991

Attorneys for Plaintiff
JOYCE KAYLOR

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 17 2010

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JOYCE KAYLOR, | Case No.: 30-2010 00381610 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1) FAILURE TO PAY OVERTIME WAGES; |
| CHARTIS CLAIMS, INC. formerly doing business as AIG DOMESTIC CLAIMS, INC.; and DOES 1 to 25, inclusive, | 2) FAILURE TO PROVIDE MEAL/REST BREAKS; |
| | 3) FAILURE TO MAINTAIN RECORDS AND PROVIDE CORRECT ITEMIZED WAGE STATEMENTS; |
| Defendants. | 4) VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, ET SEQ. |

JUDGE GREGORY H. LEWIS
DEPT. C26

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

COMES NOW, Plaintiff JOYCE KAYLOR, who alleges as follows:

1. Plaintiff is, and at all relevant times was, a resident of the County of Orange, State of California. Plaintiff is and/or was employed by Defendants as a workers' compensation claims adjuster.

2. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, are California businesses operating in the County of Orange, State of California.

3. Plaintiff is unaware of the true names and capacities of Defendants sued herein as

1
**COMPLAINT**

6

Does 1 through 25, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint when the true identities of said Defendants are ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Plaintiff's damages as herein alleged were proximately caused thereby.

4. Plaintiff is informed and believes and based thereon alleges that at all time relevant hereto, each of the Defendants was the predecessor, successor, subsidiary entity, parent entity, joint venturer, partner, officer, director, and/or managing agent of each of the remaining Defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or other relationship.

5. Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto, each of the Defendants acted with the consent, ratification and/or authority of each of the remaining co-Defendants.

6. As an employee of Defendants providing claims adjusting services, Plaintiff's wages, hours and working conditions were governed by the California Labor Code, Title 8 of the California Code of Regulations, and the California Industrial Welfare Commission Order No. 4-2001 ("IWC Order No. 4-2001"). Plaintiff's position as a claims adjuster employed by Defendants does not, and did not at any relevant time, meet the requirements for the executive, administrative and/or professional exemptions provided by IWC Order No. 4-2001 or any other statute or applicable law.

## FIRST CAUSE OF ACTION

(Failure to Pay Wages and/or Overtime)

7. Plaintiff incorporates and realleges in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

8. Plaintiff is informed and believes and based thereon alleges that California Labor Code § 510, Title 8 of the California Code of Regulations and IWC Orders, were and are binding upon Defendants. Pursuant to the mandates of such statutes, regulations and orders, Defendants

were required to pay Plaintiff her regular rate of pay for any work performed up to eight hours in a single workday and/or 40 hours in any one workweek and no less than one and one-half times Plaintiff's regular rate of pay for any work performed by Plaintiff in excess of eight hours in one workday and any work in excess of forty hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek. Additionally, Defendants were required to pay Plaintiff no less than twice Plaintiff's regular rate of pay for any work in excess of twelve hours in one day and any work in excess of eight hours on any seventh day of a workweek. Such pay is collectively referred to herein as "overtime pay."

9. In her position as a claims adjuster, Plaintiff was required to work 7.5 hours in a regular workday and 37.5 hours in a regular workweek. Nevertheless, Plaintiff was frequently permitted and/or required to work shifts exceeding 7.5 hours per day and/or more than 37.5 hours per week.

10. Plaintiff is informed and believes and based thereon alleges that Defendants knew or should have known that Plaintiff was required to and did frequently work shifts exceeding 7.5 hours per day and more than 37.5 hours per workweek. Defendants imposed excessive amounts of work on Plaintiff with the requirement that Plaintiff complete all work assigned to her regardless of the time required to complete such work assignments. Defendants knew or should have known that it was impossible for Plaintiff to complete all of her job assignments within her regularly scheduled workdays and/or work weeks.

11. Despite Defendants' knowledge that Plaintiff worked in excess of 7.5 hours per day and/or 37.5 hours per week, Defendants failed to pay Plaintiff wages and/or overtime pay as required by the California Labor Code, Title 8 of the California Code of Regulations and IWC Wage Order No. 4-2001.

12. Based upon Defendants' failure to pay Plaintiff wages and/or overtime for all time worked in excess of 7.5 hours in one day and/or 37.5 hours in one workweek, pursuant to Labor Code § 1194, Plaintiff is entitled to recover the wages, overtime wages, interest thereon, reasonable attorney's fees and costs of suit herein.

## SECOND CAUSE OF ACTION

### (Failure to Provide Meal and/or Rest Breaks)

13. Plaintiff incorporates and realleges in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

14. Plaintiff is informed and believes and based thereon alleges that California Labor Code §§ 226.7 and 512, Title 8 of the California Code of Regulations and IWC Orders, were and are binding upon Defendants. Such statutes and regulations mandated (1) that Plaintiff be permitted a meal period of not less than 30 minutes for a work period of more than five hours (or not more than six hours which such period would complete the day's work and the meal period is waived by mutual consent of the employer and employee); and (2) that Plaintiff be permitted a net ten minute rest break per four hours of work or major fraction thereof.

15. In her position as a claims adjuster for Defendants, Plaintiff was frequently or required to work and did work shifts exceeding five (5) hours without being provided an uninterrupted, unrestricted meal period of not less than thirty (30) minutes and was frequently permitted and/or required to work four (4) hours or a major fraction thereof, without authorized and/or permitted net ten minute rest periods.

16. Plaintiff is informed and believes and based thereon alleges that Defendant knew or should have known that Plaintiff did not receive uninterrupted, unrestricted meals periods and required rest periods as mandated. Defendants imposed excessive amounts of work on Plaintiff with the requirement that Plaintiff complete all work assigned to her regardless of the time required to complete such work assignments. Defendant knew or should have known that it was impossible for Plaintiff to complete all of her work assignments without foregoing the statutorily mandated meal and rest periods.

17. Despite Defendants' knowledge that Plaintiff was unable to take uninterrupted, unrestricted meal periods and rest periods, Defendants failed to pay Plaintiff additional wages owed for such work pursuant to Labor Code § 226.7, IWC Wage Order No. 4-2001, Sections 11(B) and 12(B).

## THIRD CAUSE OF ACTION

### (Failure to Maintain Records and Provide Correct Itemized Wage Statements)

18. Plaintiff incorporates and realleges in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

19. Plaintiff is informed and believes and based thereon alleges that Defendants are required by law to provide correct itemized wage statements to Plaintiff pursuant to Labor Code § 226 and to maintain records of, *inter alia*, the hours worked by Plaintiff as well as Plaintiff's meal periods pursuant to Labor Code § 1174 and IWC Wage Order No. 4-2001, Section 7(A)(3). Labor Code § 226 requires Defendants to provide Plaintiff an itemized statement for each pay period which includes a gross wages earned, total hours worked by Plaintiff, all deductions, net wages earned, the inclusive dates of the pay period, Plaintiff's name and social security number (or portion thereof), Defendants' legal name and address, and the applicable hourly rates paid to Plaintiff during the pay period and corresponding number of hours worked at the hourly rate.

20. Plaintiff is informed and believes and based thereon alleges that Defendants failed to maintain the records required by statute and additionally failed to provide Plaintiff with complete and accurate wage statements.

21. Plaintiff is informed and believes and based thereon alleges that Defendants knew that the wage statements provided to Plaintiff were inaccurate and intentionally provided incomplete and/or inaccurate wage statements to Plaintiff.

21. Plaintiff has been damaged based upon Defendants' failure to provide Plaintiff with complete and accurate wage statements, and based thereon, Plaintiff is entitled to penalties pursuant to Labor Code § 226(e).

## FOURTH CAUSE OF ACTION

### (Violation of Business & Professions Code § 17200, et seq.)

22. Plaintiff incorporates and realleges in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

10

23. The conduct of Defendants, as herein alleged, constitutes unfair, unlawful and/or fraudulent business practices as set forth in California Business & Professions Code §§ 17200 – 17208. Defendants' knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair, unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208.

24. Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff as alleged herein, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

25. As a direct and proximate result of Defendants' unfair, unlawful and/or fraudulent business practices as set forth herein, Plaintiff is entitled to restitution of all sums Defendants have wrongfully acquired, in an amount to be established at trial.

26. As a further direct and proximate result of Defendants' unfair, unlawful and/or fraudulent business practices as set forth herein, Plaintiff is entitled to an injunction prohibiting Defendants, and each of them, from continuing the unfair, unlawful and/or fraudulent practices alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For payment of wages and/or overtime wages according to proof;

2. For payment of additional wages owed for failure to provide meal and/or rest breaks to Plaintiff pursuant to Labor Code § 226.7, IWC Wage Order No. 4-2001, Sections 11 and 12, and any and all other applicable regulations;

3. For penalties based upon Defendants' failure to provide complete and accurate wage statements pursuant to Labor Code § 226;

---
6
COMPLAINT

4. For interest on amounts owed;

5. For reasonable attorney's fees;

6. For costs of suit herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED: June 15, 2010

ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By: *[signature]*
MICHAEL B. ADREANI
MARINA N. VITEK
Attorneys for Plaintiff
JOYCE KAYLOR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**SACV10- 1308 CJC (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOYCE KAYLOR

**DEFENDANTS**
CHARTIS CLAIMS, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael B. Adreani (SB# 194991), Marina N. Vitek (SB# 183397)
Roxborough, Pomerance, Nye & Adreani LLP
5820 Canoga Ave, Suite 250
Woodland Hills, CA 91367
(818) 992-9999

**Attorneys** (If Known)
Elena R. Baca (SB# 160564)
Sandra N. Benjamin (SB# 244337)
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 638-6000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) 28 U.S.C. section 1332(a), There is complete diversity of citizenship among all proper parties; and (2) 28 U.S.C. section 1332(a), The district court has original jurisdiction over this action because the purported amount in controversy exceeds the sum or value of $75,000.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SACV10-1308

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CASE NO. 8:10-CV-00399-AG-AN

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☒ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): /s/ Sandra N. Benjamin   Date: August 27, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviatio. | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |